UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

NIMA REZAEI,

        Petitioner,

v.

D.K. SISTO, WARDEN,

        Respondent.

CASE NO. 2:07-CV-2373-RSM

ORDER ON RULE 59 MOTION

This matter is before the Court for consideration of petitioner's Rule 59(e) motion to alter or amend the judgment. Dkt. # 30. The Court directed respondent to file a response to this motion, and the matter has now been fully briefed. For the reasons set forth below, the Court shall grant the motion to the extent of vacating the judgment entered on June 2, 2010, pending further proceedings.

DISCUSSION

Petitioner Nima Rezaei filed this petition for habeas corpus to challenge his conviction for attempted second degree murder and personal use of a firearm. He was sentenced to a term of nine years for the attempted murder, and twenty-five years-to-life for the firearm

ORDER ON RULE 59 MOTION - 1

enhancement. He is currently incarcerated on this charge. The matter was referred to a Magistrate Judge who filed a 71-page Report and Recommendation ("R&R"), thoroughly considering petitioner's claims. Dkt. # 26. The Court adopted the conclusions of the R&R that the petition should be denied. On June 30, 2010, petitioner filed a Rule 59(e) motion to alter or amend the judgment, based on newly-discovered evidence.

Rule 59(e) simply provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed.R.Civ.Proc. 59(e). The rule itself does not set forth specific grounds for consideration. The Ninth Circuit Court of Appeals states that "[u]nder Rule 59(e), it is appropriate to alter or amend a judgment if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.' " *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 779 (9th Cir.2009) (*quoting Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir.2001)). Petitioner's claim of newly-discovered evidence to support one of his claims in the habeas petition fits within this characterization of the rule.

A motion to alter or amend judgment under Rule 59(e) is in essence a motion for reconsideration. The Rule offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.2000). The Ninth Circuit has consistently held that a motion brought pursuant to Rule 59(e) should only be granted in "highly unusual circumstances." *Id.*; *see 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999). A motion for reconsideration is not a forum for the moving party to make new arguments not raised in its original briefs. *Northwest Acceptance Corp. v. Lynnwood Equipment, Inc.*, 841 F.2d 918, 925-26

(9th Cir.1988). Nor is it the time to ask the court to "rethink what it has already thought through." *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). The rule has been applied in the habeas petition context. *See, e.g.*, *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir.1999) (per curiam) (stating that reconsideration is appropriate only if the court is presented with newly discovered evidence, if there is an intervening change in controlling law, or if the court committed clear error).

In opposing the Rule 59(e) motion, respondent has asserted a single argument: that the Rule 59(e) motion must be treated as a second or successive habeas petition under *Gonzalez v. Crosby*, 545 U.S. 524, 531-21 (2005). In *Gonzales*, the Supreme Court considered the extent to which a Rule 60(b) motion may be precluded by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Supreme Court determined that a Rule 60(b) motion that seeks to raise substantive challenges to the underlying criminal proceeding, which were not presented to the district court in the original § 2254 petition, violates the AEDPA's ban on "second or successive" petitions. *Gonzalez v. Crosby*, 545 U.S. at 531. The Court found that "[u]sing Rule 60(b) to present new claims for relief from a state court's judgment of conviction---even claims couched in the language of a true Rule 60(b) motion---circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Id.,* (citing 28 U.S.C. § 2244(b)(2)).

The Supreme Court in *Gonzalez v. Crosby* addressed Rule 60(b) motions, not motions brought under Rule 59(e). The standards are different. As noted above, a Rule 59(e) motion, which must be brought within twenty-eight days after judgment, is essentially a motion for reconsideration. Nowhere has respondent cited to legal authority for applying the *Gonzalez* "successive petition" analysis to motions brought under 59(e).

1     Petitioner's Rule 59(e) motion to alter or amend the judgment is accordingly GRANTED

2 IN PART.  The Court hereby VACATES the judgment entered June 2, 2010, and REINSTATES

3 this habeas petition on the Court's docket.  The parties are directed to confer and attempt to agree

4 on a plan for further proceedings in this matter, including the logistics of an evidentiary hearing.

5 If they are unable to reach agreement, the parties may each file a proposed plan for further

6 briefing and, if necessary, an evidentiary hearing.  The agreed proposal or alternative proposals

7 shall be filed on or before August 26, 2011.  The Court will schedule a telephonic conference

8 after that date if it is deemed appropriate.

10     Dated July 21, 2011.

                              RICARDO S. MARTINEZ
                              UNITED STATES DISTRICT JUDGE