UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| NIMA REZAEI, | |
|         Petitioner, | CASE NO. 2:07-CV-2372-RSM |
|         v. | ORDER ON RULE 59 MOTION TO ALTER OR AMEND THE JUDGMENT |
| D. K. SISTO, Warden, | |
|         Respondent. | |

This matter is before the Court for consideration of Petitioner's motion to alter and amend the judgment, based on newly-discovered evidence. Dkt. # 30. The Court on July 21, 2011 vacated the judgment and directed the parties to confer and attempt to agree on a plan for further proceedings in this matter. Dkt. # 36. In response to that directive, Respondent has asserted that under *Cullen v. Pinholser*, — U.S. —, 131 S. Ct. 1388 (2011), this Court may not hold an evidentiary hearing on the newly discovered evidence; habeas review under 28 U.S.C. § 2254(d)(1) "is limited to the factual record that was before the state court that adjudicated the claim on the merits." *Id*. at 1398. "[E]vidence later introduced in federal court is irrelevant to § 2254(d)(1) review." *Id*. at 1400.

Petitioner has requested a status hearing on the matter, citing to *Detrich v. Ryan*, 677 F. 3d 958 (9th Cir. 2012) for the proposition that *Cullen v. Pinholser* does not bar this Court from holding an

ORDER - 1

evidentiary hearing. However, *Detrich v. Ryan* is inapposite because the ruling there was based on an unreasonable determination of the facts under 28 U.S.C. § 2254(d)(2). Here, the Court has already concluded that, on the record that was before the state court, petitioner established neither (1) that the state court's ruling was contrary to, or an unreasonable application of, clearly established federal law under 28 U.S.C. § 2254(d)(1), nor (2) an unreasonable determination of facts under 28 U.S.C. § 2254(d)(2). As petitioner now seeks to have the Court consider newly-discovered evidence relevant to his *Brady* claim, the Court is constrained from holding an evidentiary hearing by *Cullen v. Pinholser*. *See*, *Detrich v. Ryan*, 677 F. 3d at 992-994 (J. McKeown, dissenting).

However, petitioner is not without a remedy. The Court finds guidance in a different post-*Cullen* Ninth Circuit case, which dictates the result here. In *Gonzalez v. Wong*, 667 F. 3d 965 (9th Cir. 2011), a *Brady* claim was denied by the state court, and presented in the federal habeas petition. The petitioner was able to obtain some of the allegedly concealed evidence while in federal court. Reconciling *Cullen* with the new evidence which substantially advanced the petitioner's chance of prevailing on his habeas claim, the Ninth Circuit Court of Appeals ordered that the claim should be further exhausted in state court. *Id*. at 979. The case was remanded to the district court with instructions to stay and abey the case pending review of the claim by the California courts. *Id*. at 986. This procedure has been subsequently followed in a case in this district. *See, Smith v. McDonald*, 2012 WL 671885 (E.D.Cal. 2012).

Accordingly, it is hereby ORDERED:

(1) Petitioner's request for an evidentiary hearing is DENIED;

(2) This case is STAYED and administratively closed while petitioner presents his *Brady* claim and newly discovered evidence to the state court.

(3) Petitioner shall advise the Court within 21 days after the claim is exhausted.

DATED this 9 day of July 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 2